WILLIAM E. LIBBY *vs.* COMMISSIONER OF CORRECTION & another.

Suffolk.    October 31, 1967. — January 4, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, & REARDON, JJ.

*Imprisonment.*

One arrested on January 9 for an offence in Suffolk County, arraigned on February 4 for an unrelated offence in Norfolk County, sentenced for a term of years for the Suffolk offence on April 5, sentenced for the Norfolk offence on October 28, and given credit for the time between February 4 and April 5, was not entitled to have the sentence for the

Norfolk offence reduced by either the time between January 9 and February 4, when he was in custody following his arrest for the Suffolk offence, or the time between April 5 and October 28, when he was in prison under the sentence for the Suffolk offence.

PETITION, later treated as a BILL IN EQUITY, filed in the Superior Court on December 27, 1965.

The case was heard by *Murray,* J.

The case was submitted on briefs.

*Louis M. Nordlinger* for the plaintiff.

*Brian E. Concannon,* Special Assistant Attorney General, for the defendants.

SPALDING, J. This case was commenced as a petition for a writ of mandamus to compel the Commissioner of Correction to record a reduction of time to be served on a sentence imposed in Norfolk County. The petition was treated as a bill for declaratory relief. A decree was entered declaring that the plaintiff was entitled to certain reductions. The plaintiff, claiming that he should have been credited with more time, appealed.

The case was heard on a statement of agreed facts. The plaintiff is serving two concurrent sentences of twelve to fifteen years at the Massachusetts Correctional Institution at Walpole. The sentences were imposed in the Superior Court in Suffolk and Norfolk counties, respectively, for unrelated offences.

The plaintiff was arrested in Suffolk County on January 9, 1963, for a robbery alleged to have been committed in that county. On the same day, while he was in custody in Suffolk County, a complaint issued from the Municipal Court of Brookline for a robbery alleged to have been committed in Norfolk County. The record does not show whether the plaintiff was ever arrested on the Norfolk County charge. On February 4, 1963, the plaintiff was taken from the Suffolk County jail to the Superior Court in Norfolk County where he was arraigned on the Norfolk charge. He was then returned to jail and on February 12, 1963, he was arraigned on the Suffolk charge. He was sentenced to twelve to fifteen years at Walpole for the Suffolk offence on April 5, 1963, and

was credited with having served eighty-five days of this sentence, the time elapsing between his arrest on January 9 and the date of sentence. On October 28, 1963, the plaintiff pleaded guilty to the Norfolk charge and was sentenced to twelve to fifteen years at Walpole, the sentence to run concurrently with the prior Suffolk sentence. The sentence did not state the precise time when it commenced. Between February 4, the date of the Norfolk arraignment, and April 5, the date of the Suffolk sentence, the plaintiff, being unable to furnish bail, was confined at the Suffolk County jail. From the imposition of the Suffolk sentence to the imposition of the Norfolk sentence the plaintiff was incarcerated at Walpole pursuant to the Suffolk sentence. In his decree the judge ruled that the Norfolk sentence commenced on October 28, 1963, the date the sentence was imposed, and that the petitioner was entitled to a credit of sixty days, the time elapsing between February 4, the date of the Norfolk arraignment, and April 5, the date of the Suffolk sentence.

The plaintiff argues that the Norfolk sentence should be reduced by (1) the period of time elapsing between the imposition of the Suffolk sentence and the imposition of the Norfolk sentence (April 5, 1963, to October 28, 1963) and (2) the period from his arrest in Suffolk to the arraignment in Norfolk (January 9, 1963, to February 4, 1963).

The statute which governs the time to be credited for the period spent in custody awaiting trial is G. L. c. 127, § 129B (inserted by St. 1960, c. 350, and as appearing in St. 1961, c. 74), which reads: "The sentence of any prisoner in any correctional institution of the commonwealth or in any house of correction or jail, who was held in custody awaiting trial shall be reduced by the number .of days spent by him in confinement prior to such sentence and while awaiting trial, unless the court in imposing such sentence had already deducted therefrom the time during which such prisoner had been confined while awaiting trial." Compare G. L. c. 279, § 33A, as amended through St. 1961, c. 75.

1. The plaintiff was given credit for the period of time elapsing from the arraignment in Norfolk to the imposition

of the Suffolk sentence on April 5, 1963. He contends that
the cutoff date on April 5 is illogical and that he should be
credited with the full amount of time that he was in custody
from February 4 to October 28, the date when the Norfolk
sentence was imposed. We are of opinion that this conten-
tion is governed by *Needel, petitioner,* 344 Mass. 260. There
the petitioner was arrested for a crime committed in Suffolk
County on November 12, 1957, and, being unable to furnish
bail, was remanded to jail. On February 8, 1958, he was
sentenced to a term of four to six years at Walpole. On
October 16, 1959, he was released under parole conditions.
On December 9, 1959, he was taken into custody for a crime
committed on August 30, 1957, and for which he had been
secretly indicted in Essex County on January 16, 1958.
He was brought to trial and convicted, and on February 10,
1960, was sentenced to a term of four to six years, to be served
concurrently with the Suffolk County sentence. He con-
tended that the time served from February 8, 1958 (the date
of the Suffolk sentence) should be accounted time in custody
awaiting trial under § 129B. This contention did not pre-
vail, the court saying at page 262, "The short answer is
that the petitioner was not held 'in custody awaiting trial'
nor 'in confinement prior to such sentence and while await-
ing trial.' He was in confinement pursuant to a sentence for
an unrelated crime of which he had been convicted. The
statutory purpose was not to allow deductions for time served
under sentence for another crime, but was to afford relief
to those not convicted and not serving any sentence but who
because of inability to obtain bail, for example, were held in
custody awaiting trial." It is true that in the *Needel* case
the prisoner had not been arraigned on the later indictment
nor had process issued on it when he began serving the
prior sentence. Here the plaintiff had been arraigned on the
Norfolk indictment when he began serving his prior sen-
tence imposed in Suffolk. But this difference is not sig-
nificant. The prior sentence is nevertheless "a sentence for
an unrelated crime of which he had been convicted."

The plaintiff further contends that he has been prejudiced

by his not receiving a prompt trial in Norfolk County. Had the trial been held earlier in Norfolk or later in Suffolk the time gap of which the plaintiff now complains might have been less. But no prejudice has been shown. It was open to the plaintiff to request a speedy trial on the Norfolk indictment, but he did not exercise this right. See *Commonwealth* v. *McGrath*, 348 Mass. 748, 750.

2. The plaintiff claims credit for the period between the Suffolk arrest and issuance of the Norfolk complaint on January 9, 1963, and the Norfolk arraignment on February 4, 1963. During this period he was confined in the Suffolk County jail. He received no credit for this time in connection with his Norfolk sentence but he was credited with this time on his Suffolk sentence. We do not see how § 129B can fairly be construed to allow the deduction from the Norfolk sentence of time spent in jail pursuant to an arrest on an unrelated offence and prior to arraignment for the Norfolk offence. Nor is this conclusion altered by the supposition advanced by the plaintiff, that he might have been confined in Norfolk County if he had not been confined in Suffolk County.

*Decree affirmed.*