COMMONWEALTH *vs.* HENRY GRANT.

Suffolk.   August 26, 1974. — October 9, 1974.

Present: TAURO, C.J., REARDON, BRAUCHER, HENNESSEY, & WILKINS, JJ.

*Imprisonment.   Practice, Criminal,* Sentence.

Where it appeared that after a defendant was simultaneously arrested on a Federal charge and two State charges, all arising from the same occurrence, he was remanded to jail in custody of the United States marshal in lieu of bail set by a Federal magistrate, that the Commonwealth lodged detainer warrants with the marshal, that subsequently the defendant was released from Federal custody, whereupon bail was immediately set on the State charges and he was returned to jail in lieu of the bail then set, and that some months later, during which he was acquitted on the Federal charge, he was tried on the State charges and acquitted on one and found guilty and sentenced on the other, it was held that he was entitled to credit under G. L. c. 279, § 33A, for the time spent in jail in Federal custody as well as the time spent in jail awaiting trial on the State charges.   [273-276]

INDICTMENT found and returned in the Superior Court on May 21, 1973.

A motion to revise the order of commitment was heard by *Roy,* J.

The case was submitted on briefs.

*Martin C. Gideonse* for the defendant.

*Timothy J. Spillane, Jr.,* Assistant District Attorney, for the Commonwealth.

REARDON, J.   The defendant is here claiming credit for time spent in confinement in lieu of bail on a Federal charge

while awaiting trial on both State and Federal charges. The charges arose out of the same incident which occurred on March 25, 1973, at which time one Jesse Ammons, a witness for the government in certain Federal prosecutions, was assaulted and money was taken from him. Two days later the defendant Grant and one other were arrested by Boston police officers and by agents of the Federal Bureau of Investigation. The Federal authorities charged Grant with intimidation of a witness. He was brought that same day before the United States District Court and remanded to the Charles Street jail in lieu of bail in custody of the United States marshal. The Boston police charged Grant with armed robbery and with assault and battery by means of a dangerous weapon. Warrants were apparently lodged with the United States marshal, and Grant was indicted on the State charges on May 21, 1973.

On June 25, 1973, Grant was released from Federal custody, whereupon bail was set by the Commonwealth and he was returned to the Charles Street jail. He was arraigned on the Suffolk County indictments on July 5, 1973. He remained in the Charles Street jail until November 27, 1973, but in the interim he was acquitted of the Federal offense. Thereafter, on November 27, 1973, he was tried before a judge and a jury in the Superior Court, found not guilty of armed robbery, and convicted of assault and battery by means of a dangerous weapon. For the latter offense a sentence of two and one-half years in the house of correction was imposed. The order of commitment credited him with 145 days served on that sentence while awaiting trial, seemingly based on the date of the Superior Court arraignment. On March 19, 1974, a motion to revise the order of commitment to credit Grant with the full time served from March 27, 1973, was denied.

We are of opinion that Grant should have been credited with this additional time. The statute that we interpret is G. L. c. 279, § 33A, as amended through St. 1961, c. 75, which provides: "The court on imposing a sentence of commitment to a correctional institution of the commonwealth, a house of correction, or a jail, shall order that

the prisoner be deemed to have served a portion of said sentence, such portion to be the number of days spent by the prisoner in confinement prior to such sentence awaiting and during trial." See also G. L. c. 127, § 129B, containing similar provisions addressed to the Commissioner of Correction. We address ourselves to the questions (1) whether the credited time commences on the date of arrest or on the date bail is set by the Commonwealth; (2) whether the confinement to be credited must have been on the same charge as that for which the defendant is ultimately sentenced; and (3) whether the confinement must have been at the hands of the Commonwealth rather than by Federal authorities.

It is the contention of the Commonwealth that the proper date for the beginning of credited time is the date bail was set by the Commonwealth, here June 25, 1973. The Commonwealth argues that the statutory purpose was to afford relief to those held in custody merely because of inability to obtain bail; therefore, the statute is inapplicable before bail is set. But the statute is silent on the subject of bail and makes reference only to time spent in confinement awaiting trial. In addition, it was stated in *Needel, petitioner,* 344 Mass. 260, 262 (1962), that the "statutory purpose . . . was to afford relief to those not convicted and not serving any sentence but who because of inability to obtain bail, *for example,* were held in custody awaiting trial" (emphasis supplied). A review of the legislative history of the statute confirms the view that bail is not a critical element. In the report of the Governor's Committee to Study the Massachusetts Correctional System, 1955 Senate Doc. No. 750, which recommended the enactment of the statute, no reference was made to bail; there was, however, ample indication that the basic purpose of the statute was to provide for relief to those defendants who have served any jail time prior to their sentences. Thus, as we have previously stated in connection with c. 127, § 129B, "[t]here can be no doubt that . . . [the statute] applies to the time spent in jail between the day of arrest and the day the

indictment was reached for trial." *Stearns, petitioner,* 343 Mass. 53, 56 (1961).

The Commonwealth also contends that credit should be denied because the Federal confinement was not on the charge for which Grant was eventually sentenced. However, in *McCormack* v. *Commonwealth,* 345 Mass. 514 (1963), where the defendant was acquitted of the only charge for which bail was set but convicted and sentenced on a second indictment arising out of the same occurrence, we said that the defendant's sentence should be credited with the time spent in confinement in lieu of bail on the first charge.

It seems to us that in this instance the Federal charge was related to, and arose out of, the same occurrence as that on which the Commonwealth based its charges. The defendant in essence had been guilty of one wrong for which he suffered confinement prior to any conviction regardless of how the prosecuting authorities sorted out the charges against him. Compare *Libby* v. *Commissioner of Correction,* 353 Mass. 472 (1968), where we refused to grant credit on a sentence in Norfolk County for time spent in custody in Suffolk County on an unrelated charge prior to the defendant's arraignment for the Norfolk County offense. See *Needel, peititioner,* 344 Mass. 260 (1962).

The Commonwealth argues in addition that from March 27, 1973, to June 25, 1973, the defendant was in exclusive Federal custody awaiting a Federal trial, and that it was his inability to make the bail set by a Federal magistrate rather than any action of the Commonwealth which kept him confined. Hence, he was not in confinement awaiting a State trial. We view this as an overly technical reading of the statute which should be read against the backdrop of fair treatment of the prisoner. Here the Commonwealth deferred to the Federal prosecution but evinced an interest in the confinement thereby created by lodging detainer warrants with the United States marshal and by remanding the defendant to jail as soon as the Federal bail was lowered to personal recognizance. Had there been no

intervention by the Federal authorities the defendant's time in jail would have been under State authority and he would have been credited for that time on his sentence. It may fairly be said here that the concurrent arrest, the detainer warrants, and the remanding of the defendant to jail immediately on his release from Federal custody resulted in a constructive State custody. There is no question that the Commonwealth had an interest in the defendant which was served equally as well by leaving him in Federal custody as long as that custody was desired by the Federal authorities prior to the State trial. The theory of constructive custody has been recently employed in other jurisdictions. See *People ex rel. Middleton* v. *Zelker,* 42 App. Div. 2d (N. Y.) 998 (1973) (appeal pending); *Davis* v. *Attorney Gen.* 425 F. 2d 238 (5th Cir. 1970). Compare *United States* v. *Gaines,* 449 F. 2d 143 (2d Cir. 1971).

We therefore hold that any time spent in jail prior to sentencing by a defendant charged with the offense for which he is ultimately convicted, or with an offense which arises out of the same occurrence and of which he is acquitted, given a significant State interest and involvement in the confinement, should be credited. It follows that the exception of the defendant to the denial of his motion to revise the order of commitment is sustained. The case is remanded to the Superior Court for appropriate action crediting the defendant with time served beginning March 27, 1973.

*So ordered.*