HENRY KINNEY, petitioner.

Hampshire.    May 9, 1977. — June 24, 1977.

Present: HALE, C.J., GRANT, & BROWN, JJ.

*Practice, Criminal,* Sentence.    *Imprisonment.*

A prisoner who was sentenced to a house of correction for several offenses while an escapee from the State prison was not entitled to have the house of correction sentences run concurrently with the State prison sentence by the fact that the sentencing judge did not specify whether the new sentences were to run concurrently or consecutively with the original sentence, since his escape had suspended the running of the original sentence. [459-461]

A prisoner who was confined in a house of correction while awaiting trial for offenses committed while he was an escapee from the State prison was not denied equal protection of the laws by the fact that

---

[1] The employee was admitted to Choate Memorial Hospital on January 31, 1971.

if he had been able to raise bail he would have been remanded to the custody of State prison officials, where the judge had the discretion in either case to impose sentences either concurrent with or consecutive to the State prison sentence. [461-462]

A prisoner who was confined in a house of correction while awaiting trial for offenses committed while he was an escapee from the State prison was not deprived of any liberty interest under the Fourteenth Amendment to the United States Constitution by the refusal of a State prison administrator to transfer him to the State prison to resume serving his original sentence. [462-463]

PETITION for a writ of habeas corpus filed in the Superior Court on February 17, 1976.

The case was heard by *Greaney, J.*

*Thomas Lesser* (*William C. Newman* with him) for the petitioner.

*John P. Corbett*, Assistant Attorney General, for the respondents.

BROWN, J. The petitioner appeals from the denial of his petition for a writ of habeas corpus, filed in the Superior Court.

In March, 1974, the petitioner was sentenced to a two and one-half to three year term at the Massachusetts Correctional Institution at Walpole. In September, 1974, following his transfer to the Plymouth Forestry Camp, he escaped. He was arrested on January 3, 1975, in Amherst and charged with several offenses. At his arraignment later that day in the District Court of Hampshire on the local offenses, he revealed that he had escaped, and asked to be returned to Walpole. The request was denied, and bail was set at $5,000. He was unable to post bail. There were other hearings on his cases in the District Court of Hampshire during January, 1975, and at each hearing he continued to request transfer to Walpole.

On February 1, 1975, he was found guilty in the District Court of Hampshire of several local offenses and was sentenced to eleven months in the Hampshire County house of correction. Thereafter, he was found guilty in the Superior Court of several other offenses and was sentenced to fifteen months in the house of correction, to be served con-

currently with the sentence imposed by the District Court.[1] The petitioner continued to seek a transfer to Walpole, but all his requests were denied.

On February 17, 1976, the petitioner filed a petition for a writ of habeas corpus. He requested release at the expiration of his Superior Court sentence. The judge denied the petition. Following the completion of his Superior Court sentence on May 15, 1976, the petitioner was transferred to Walpole to begin serving the remainder of his Walpole sentence.[2]

1. There is no merit to the petitioner's contention that the District Court judge, acting pursuant to G. L. c. 279, § 8, intended that the sentence to the Hampshire County house of correction should run concurrently with the Walpole sentence. General Laws (Ter. Ed.) c. 279, § 8, provides as follows: "A convict upon whom two or more sentences . . . are imposed may be fully committed upon all such sentences at the same time, and shall serve them in the order named in the mittimuses upon which he is committed . . .." The sentences involved herein were not imposed at the same time, and neither of the judges imposing the later sentences made any mention of the earlier sentence.

The petitioner's argument is premised on the notion that if a prisoner is serving one sentence and is then given another sentence and there is no indication of whether the sentences are to run concurrently or consecutively, they are deemed to run concurrently. See *Henschel* v. *Commissioner of Correction*, 368 Mass. 130, 133 (1975); *Baranow* v. *Commissioner of Correction*, 1 Mass. App. Ct. 831, 832 (1973). See also ABA Standards, Sentencing Alternatives and Procedures § 3.4 (1968). However, in the instant case the prisoner was not "serving" one sentence at the time he was sentenced for other crimes. Rather, his escape had sus-

---

[1] The petitioner has not raised any question with regard to the sentence imposed by the Superior Court judge.

[2] In his brief the petitioner states that an administrative decision was eventually made so as to allow him to serve the remainder of his Walpole sentence at the Hampshire County house of correction.

pended the running of the original sentence until such time as he should be returned to Walpole. See *Harding* v. *State Bd. of Parole*, 307 Mass. 217, 220 (1940) ; *Zerbst* v. *Kidwell*, 304 U. S. 359, 361 (1938). No portion of the time served in the Hampshire County house of correction could be used to reduce the time the petitioner was required to serve at Walpole because during the time he was in the house of correction he was not in actual or constructive custody under the first sentence. *Id.*

The petitioner argues that *Commonwealth* v. *Grant*, 366 Mass. 272 (1974), expanded the definition of "constructive custody" beyond the meaning given to it in *Harding*. The Supreme Judicial Court in *Grant* interpreted G. L. c. 279, § 33A, as appearing in St. 1961, c. 75, as allowing a defendant to receive credit for time spent in Federal custody while awaiting trial on both State and Federal charges when the charges arose out of the same incident. The court added that in the circumstances of that case the defendant could be considered to have been in "constructive State custody." *Commonwealth* v. *Grant, supra,* at 276.

The petitioner's reliance on *Grant* is misplaced. The jail time credit statute construed in *Grant* was intended to serve a different purpose from the statute giving a judge discretion to impose concurrent sentences. The purpose of jail time credit statutes "was to afford relief *to those not convicted* and not serving any sentence but who because of inability to obtain bail, for example, were held in custody awaiting trial" (emphasis supplied). *Manning* v. *Superintendent, Massachusetts Correctional Inst., Norfolk,* 372 Mass. 387, 392 (1977), quoting from *Needel, petitioner,* 344 Mass. 260, 262 (1962). Moreover, the jail time credit statutes do not apply to an individual confined pursuant to a sentence for an unrelated crime. *Needel, petitioner, supra. Libby* v. *Commissioner of Correction,* 353 Mass. 472, 475 (1968). Inasmuch as the petitioner was sentenced to the Hampshire County house of correction for crimes unrelated to those for which he had been serving time in Walpole, the court's dictum in *Grant* about constructive custody can have no application to the instant case.

Finally, the District Court judge did not have the power to sentence the petitioner to a term in Walpole for the new offenses committed (G. L. c. 218, § 27), and he could not, by his decision, affect the earlier sentence to Walpole.[3] Therefore, the only way he could have given the petitioner a sentence which, in effect, would have run concurrently with his prior sentence would have been to remand him to the Walpole authorities to serve out the old sentence, giving him credit on his new sentences for the remainder of the time he served in Walpole on the old sentence. His failure to sentence the petitioner in this manner indicates his desire that the sentences should not run concurrently. See *United States* v. *Remus,* 12 F. 2d 239, 240 (6th Cir.), cert. den. 271 U. S. 689 (1926).

2. The petitioner also argues that he was denied equal protection of the laws because, being indigent, he was unable to raise the bail set by the District Court judge and was confined to the Hampshire County house of correction while awaiting trial on the offenses committed following his escape. He contends that if he had been able to raise bail, he would have been remanded to the custody of the Walpole authorities. Then, when he was sentenced by the District Court judge, he would have had the opportunity of receiving concurrent sentences.[4]

---

[3] General Laws c. 279, § 27, as amended by St. 1955, c. 770, § 97, allows a Superior Court judge to sentence a convict serving a sentence in a jail or house of correction to State prison if he has committed a felony. If the sentence is ordered to take effect forthwith, it will wipe out the sentence to the house of correction. But G. L. c. 279, § 27, does not operate so as to allow a District Court judge (or a Superior Court judge) to impose a sentence to a jail or house of correction on a convict serving time in a State prison that will have the effect of wiping out the State prison sentence.

[4] This case is distinguishable from *United States* v. *Gaines,* 449 F. 2d 143, 144 (2d Cir. 1971), in which the court held that the defendant was entitled to credit for time spent in State custody after the State court had set bail in connection with the State charges when the petitioner was unable to raise bail because of insufficient funds, and was thus unable to enter into Federal custody. See also *Ange* v. *Paderick,* 521 F. 2d 1066, 1068 (4th Cir. 1975). Unlike the situations in *Gaines* and *Ange,* the defendant's remand to Walpole would not necessarily have had any impact on the length of time he would have had to serve. It

As was discussed in section one, the judge had the discretion to impose a sentence which, in effect, would have run concurrently with the petitioner's previous sentence, if the judge so chose. There is no reason to believe that if the facts were different and the defendant had been incarcerated in Walpole rather than in the Hampshire County house of correction the judge would have made the defendant's sentences run concurrently. The defendant's argument on this point is grounded on nothing firmer than speculation.

3. The final contention of the petitioner is that the failure of an administrator at Walpole, acting under the authority of the Commisioner of Correction, to hold a hearing prior to deciding not to transfer him to Walpole violated due process. In order for the requirements of procedural due process to apply, there must be a deprivation of a liberty or property interest as provided by the Fourteenth Amendment to the United States Constitution. *Regents of State Colleges* v. *Roth,* 408 U. S. 564, 569 (1972). *Wolff* v. *McDonnell,* 418 U. S. 539, 557-558 (1974). See also *Meachum* v. *Fano,* 427 U. S. 215, 234-235 (1976) (Stevens, J., dissenting). The petitioner argues that the administrator's refusal to order him transferred to Walpole while he was incarcerated at the Hampshire County house of correction awaiting trial deprived him of liberty because if he had been transferred, his sentences would have run concurrently.

The petitioner asserts that G. L. c. 276, § 52A, as amended through St. 1973, c. 514, set out in the margin,[5]

---

still would have been within the power of the District Court judge to sentence the petitioner to a term in the Hampshire County house of correction to run from and after the sentence he was then serving in Walpole. Also contrast *Davis* v. *Attorney Gen.* 425 F. 2d 238, 240 (5th Cir. 1970).

It should be noted that the petitioner appears to have been given credit on his house of correction sentence for the twenty-seven days he spent in the Hampshire County house of correction while awaiting trial on the local offenses. G. L. c. 279, § 33A.

[5] General Laws c. 276, § 52A, states: "Persons held in jail for trial may, with the approval of the district attorney ... be removed by the

gave an administrator acting under the Commissioner the authority to initiate action to cause him to be transferred from the Hampshire County house of correction to Walpole. The petitioner's argument rests on an erroneous premise. Even if it were possible for an administrator legally to transfer the petitioner to Walpole under G. L. c. 276, § 52A, it was still within the power of the District Court judge to act as he did in imposing the later sentences that did not run concurrently with the prior sentence. The petitioner's due process claim is thus without merit.

*Judgment affirmed.*

---

commissioner of correction to a jail in another county . . .. In addition, such persons, if they have been previously incarcerated in a correctional institution of the commonwealth under sentence for a felony, may, with the approval of the district attorney, be removed by the commissioner of correction to a correctional institution of the commonwealth . . .."