COMMONWEALTH *vs.* KENNETH R. BLAIKIE. January 24, 1986. *Practice, Criminal,* Sentence. *Imprisonment,* Credits for time served.

On September 3, 1980, a Suffolk County grand jury handed up an indictment charging the defendant with armed robbery. On November 7, 1980, a Suffolk County grand jury indicted the defendant on six more charges (including armed robbery, kidnapping, and armed assault with intent to rob) involved in three additional and separate criminal episodes. The defendant failed to appear in court to answer to the set of indictments handed up in November, i.e., he defaulted. He did not come into court until after he was arrested and incarcerated in Middlesex County on June 1, 1981, in connection with a further armed robbery. The incident in Middlesex resulted in two indictments returned in that county. Only three days earlier he had committed yet another armed robbery, for which a Suffolk County grand jury indicted him on September 23, 1981.

As to all these offenses the defendant ultimately pleaded guilty. He was sentenced to serve five to seven years at M.C.I., Walpole (now Cedar Junction), on each of the Middlesex indictments, the sentences to be served concurrently. In connection with those sentences, the judge ordered a credit of 113 days on account of time spent by the defendant in jail awaiting trial and during trial. See G. L. c. 279, § 33A, as appearing in St. 1961, c. 75:

"the prisoner [shall] be deemed to have served . . . the number of days spent by the prisoner in confinement prior to such sentence awaiting and during trial." See also G. L. c. 127, § 129B, which provides: "The sentence of any prisoner . . . who was held in custody awaiting trial shall be reduced by the number of days spent by him in confinement prior to such sentence and while awaiting trial . . . ."

This appeal is from the refusal of the sentencing judge sitting in Suffolk County to credit the defendant with the same 113 days which he literally spent in confinement in Middlesex County prior to his Suffolk sentences. There are eight Suffolk sentences, of which three are for nine to twelve years (three are eight to ten, and two are three to five) ordered to be served at M.C.I., Walpole, concurrently with the Middlesex sentences.

The governing principle in the application of G. L. c. 279, § 33A, which is addressed to the sentencing judge (G. L. c. 127, § 129B, is addressed to the Commissioner of Correction), is fair treatment of the prisoner. *Commonwealth* v. *Grant,* 366 Mass. 272, 275 (1974). *Manning* v. *Superintendent, Massachusetts Correctional Inst., Norfolk,* 372 Mass. 387, 396 (1977). *Commonwealth* v. *Carter,* 10 Mass. App. Ct. 618, 620 (1980). *Commonwealth* v. *Foley,* 17 Mass. App. Ct. 238, 242-243 (1983). We perceive no special consideration of fairness which requires crediting the Suffolk sentences with time spent in confinement awaiting sentence on the unrelated Middlesex offenses. See *Commonwealth* v. *Carter,* 10 Mass. App. Ct. at 619-621; *Commonwealth* v. *Aquafresca,* 11 Mass. App. Ct. 975, 977 (1981). Indeed, crediting the defendant on his Suffolk sentences with the Middlesex presentencing confinement would result in a perverse twist: the defendant would be rewarded for failing to answer the first seven Suffolk indictments, staying at large, and, not merely incidentally, committing additional crimes. Had the defendant appeared in court on those Suffolk indictments, there is a fair probability that a disposition would have been made on the charges before there would have been any Middlesex confinement time to consider.

We said in *Commonwealth* v. *Carter,* 10 Mass. App. Ct. at 621, that "Any sentence being served concurrently with a sentence to which a jail credit is applied should receive the benefit of the same credit so that the sentence in fact retains a concurrent status." That does not apply, however, in a case such as this one, in which the sentences against which the prisoner seeks to apply jail credit (the Suffolk sentences) are longer than the sentences with which they are to be served concurrently (the Middlesex ones). The Middlesex sentences will not "expire with jail time credit unexhausted," (*ibid.*) i.e., the 113 days will have been used up.

*Order denying motion*
*to correct sentences affirmed.*

*Kenneth R. Blaikie,* pro se.

*Robert J. McKenna, Jr.,* Assistant District Attorney (*Daniel P. Napolitano,* Assistant District Attorney, with him) for the Commonwealth.