USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1531 JIMMY D. BATISTE, Petitioner, v. SANDRA SCOTT, DIRECTOR OF HILLSIDE PRE-RELEASE CENTER, Respondent. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Mark L. Wolf, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Cyr, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Jimmy D. Batiste on brief pro se. ________________ Scott Harshbarger, Attorney General, and William J. Meade, __________________ ___________________ Assistant Attorney General, on brief for respondent. ____________________ January 23, 1998 ____________________ Per Curiam. Petitioner Jimmy Batiste appeals pro se __________ from a district court judgment dismissing his 28 U.S.C.  2254 habeas corpus petition. Two successive Massachusetts state court convictions are here at issue. Both involved assault and battery with a dangerous weapon; both resulted in prison terms. Petitioner seeks to challenge his first conviction. Yet the district court determined that, at the time the instant petition was filed, the first sentence had expired and petitioner was serving his second sentence. The court therefore dismissed the petition on the ground that petitioner was not "in custody" pursuant to the conviction and sentence under attack. See Maleng v. Cook, 490 U.S. 488, ___ ______ ____ 490-91 (1989) (per curiam) (citing 28 U.S.C. 2241(c)(3), 2254(a)). Petitioner has offered nothing, either below or on appeal, to call this conclusion into question. We affirm substantially for the reasons recited by the district court, adding only the following comments for purposes of emphasis. Contrary to petitioner's assertion, the two sentences did not run consecutively. His second sentence, rather than constituting a "from and after" sentence under Mass. G.L. c. 279 8A, was imposed pursuant to Mass. G.L. c. 279 27 to take effect "forthwith and notwithstanding" the first sentence. See Dale v. Commissioner of Correction, 17 Mass. ___ ____ __________________________ App. Ct. 247, 249 (1983) (noting that "forthwith" sentence -2- imposed under this provision "terminate[s]" the preexisting sentence); In re Kinney, 5 Mass. App. Ct. 457, 461 n.3 (1977) ____________ (same). As consecutive sentences were not involved here, petitioner's reliance on Garlotte v. Fordice, 515 U.S. 39 ________ _______ (1995), and Peyton v. Rowe, 391 U.S. 54 (1968), is misplaced. ______ ____ Alternatively, petitioner contends that he is still able to challenge his first conviction, by means of a habeas petition directed at his second sentence, inasmuch as the first conviction was used to enhance the second sentence. See, e.g., Young v. Vaughn, 83 F.3d 72, 75-76, 78 (3d Cir.), ___ ____ _____ ______ cert. denied, 117 S. Ct. 333 (1996); see also Maleng, 490 ____________ ________ ______ U.S. at 494 (leaving question open). We need not address the propriety of such a procedure, however, because no such enhancement has been shown to have occurred here. Certainly no formal sentencing enhancement mechanism--such as those appearing in Mass. G.L. c. 265 15A(a); id. c. 279 25--was ___ triggered; despite petitioner's initial reliance on the former, those provisions are inapplicable by their very terms. Petitioner instead suggests that some sort of informal enhancement was undertaken. Yet various factors belie such speculation--such as that the minimum term of the second sentence (which called for 2 1/2 to 10 years in prison) was the lowest then permitted, and that the superior court judge eschewed a consecutive sentence. Nor has petitioner provided any basis for suspecting that the first -3- conviction influenced the maximum term of the second sentence or the timing of his eventual release. Petitioner is correct in observing that, had the first conviction not occurred, there would have been no reason to impose a "forthwith" sentence for his second conviction. But this assertion accomplishes nothing. It does not mean that, were petitioner able to overturn his first conviction, the forthwith sentence would have been invalidly imposed. More important, it does not mean that his second sentence would be reduced as a result.  For these reasons, which the district court explained at greater length, petitioner's contention that he satisfied the "in custody" requirement proves mistaken. His further complaint--that the cancellation of a scheduled hearing deprived him of an adequate opportunity to articulate his views--is belied by the record.  Affirmed. See Loc. R. 27.1. ____________________________ -4-