COMMONWEALTH *vs.* JOHN D. MURPHY.

No. 03-P-1509.

Middlesex. March 15, 2005. - June 24, 2005.

Present: BERRY, DREBEN, & DOERFER, JJ.

*Imprisonment,* Credit for time served. *Practice, Criminal,* Mittimus, Sentence.

Where a criminal defendant was held in custody in Suffolk County while awaiting trial on separate charges in both Suffolk County and Middlesex County, he was entitled to be credited for all of the time he spent in custody against the higher sentence [756-757]; however, the defendant was not entitled to credit for time served solely on the charges arising in Suffolk County while free on bail posted for the charges arising in Middlesex County [757-758].

INDICTMENTS found and returned in the Superior Court Department on April 23, 1998.

A motion to correct the mittimus, filed on October 27, 2003, was considered by *Sandra L. Hamlin,* J.

*Angela G. Lehman* for the defendant.

*Lori A. Benavides,* Assistant District Attorney, for the Commonwealth.

DOERFER, J. The defendant was convicted after a jury trial in Middlesex County for a series of crimes based upon his appropriating the identities of other persons (mostly named Murphy) in order to obtain money and other property. He was sentenced, in effect, to nine to ten years in State prison on these offenses.[1] He later pleaded guilty to similar crimes he had committed in Suffolk County and received three concurrent sentences of three and one-half years to three and one-half years and one day, to run concurrently with his Middlesex sentences. Based on his request, the defendant received no jail

---

[1]His convictions were affirmed by this court on appeal in *Commonwealth* v. *Murphy,* 59 Mass. App. Ct. 571 (2003).

time credit against his Suffolk sentences so that the credit could be applied to his higher Middlesex sentences. The issue in this appeal is whether he received the appropriate number of days of jail time credit on the sentences he received in the Middlesex cases for the time he was incarcerated awaiting trial. See G. L. c. 279, § 33A[2]; G. L. c. 127, § 129B.[3]

The defendant was arrested on the Middlesex charges on July 30, 1997. He was released after posting bail in the amount of $7,500 on January 6, 1999.[4] During most of that interval he was serving a sentence in another matter as a result of a revocation of his probation growing out of his arrest in Middlesex County. There is, of course, no claim that he should receive credit for the time he was serving a sentence on an unrelated matter. See *Libby* v. *Commissioner of Correction*, 353 Mass. 472, 475 (1968); *Commonwealth* v. *Carter*, 10 Mass. App. Ct. 618, 620-621 (1980).

The defendant was due back in Superior Court in Middlesex County on April 26, 1999, for a hearing on a motion to suppress. In the interim he committed a new series of larcenies and frauds enabled by other acts of appropriation of the identities of others (not necessarily named Murphy this time). This activity attracted the attention of the Boston police, who arrested him on April 22, 1999.

On April 26, 1999, the defendant's hearing in Superior Court

---

[2]General Laws c. 279, § 33A, as amended through St. 1961, c. 75, provides: "The court on imposing a sentence of commitment to a correctional institution of the commonwealth, a house of correction, or a jail, shall order that the prisoner be deemed to have served a portion of said sentence, such portion to be the number of days spent by the prisoner in confinement prior to such sentence awaiting and during trial."

[3]General Laws c. 127, § 129B, as amended by St. 1961, c. 74, provides: "The sentence of any prisoner in any correctional institution of the commonwealth or in any house of correction or jail, who was held in custody awaiting trial shall be reduced by the number of days spent by him in confinement prior to such sentence and while awaiting trial, unless the court in imposing such sentence had already deducted therefrom the time during which such prisoner had been confined while awaiting trial."

[4]Although there is a discrepancy regarding whether the defendant posted bail on January 6, 1999, or January 22, 1999, we do not address the issue of jail credits for these days, as the defendant's appellate counsel neither asks for these days to be credited nor provides verification of detention during this time.

in Middlesex County on the motion to suppress was continued to June 22, 1999, probably due to his new arrest. On April 29, 1999, a writ of habeas corpus was issued from Superior Court in Middlesex County to the Suffolk County jail for the defendant to appear on May 5, 1999, for a motion to increase bail. On May 5, 1999, the defendant's bail in the Middlesex cases was increased to $50,000 and the defendant was given his bail warnings in open court. He did not post bail and a docket entry shows that a mittimus was issued by Superior Court in Middlesex County on May 5, 1999.

The defendant was eventually indicted in Suffolk County on June 24, 1999.[5] He was arraigned in Superior Court in Suffolk County on June 28, 1999, and bail was set at $10,000 cash. He did not post bail and a mittimus was issued in the Suffolk case as well. He was physically in the custody of the Suffolk County sheriff's department at this time and had been since April 23, 1999, the day after his arrest. An affidavit from the keeper of the records of the Suffolk County sheriff's department states that the defendant was in the custody of the Suffolk County sheriff's department from April 23, 1999, through October 19, 2000. The records of the Middlesex County sheriff's office provide that the defendant was held at the Cambridge jail from August 29, 2000, to October 19, 2000, but that "he was a Suffolk County Inmate transferred here."

The defendant spent a total of 546 days in custody from the time of his arrest in Suffolk County (April 22, 1999) to the date of his sentencing in Superior Court in Middlesex County (October 19, 2000). Upon his sentencing in Middlesex County, although he requested full credit for those days, he received only one day of credit, reflecting the time between the guilty verdict on October 18, 2000, and sentencing on October 19, 2000.[6] The defendant subsequently filed a motion, which was denied without a hearing, requesting the mittimus be corrected to reflect 545 days of jail time credit.

---

[5]He was presumably held on bail or without bail on an appropriate District or Municipal Court complaint after he was arrested and until he was indicted. The record is not clear on this point.

[6]The Superior Court in Middlesex County also gave the defendant credit for 108 days for other time held in jail, thus totaling 109 days credit toward the Middlesex sentences. These credits are not in contention. See note 4, *supra.*

The Commonwealth takes the position that the defendant is not entitled to any further credits on the theory that the 545 uncredited days in question were spent awaiting trial in the Suffolk matters and not related to his time awaiting trial in the Middlesex matters. Barring success on that argument, the Commonwealth claims that, even were we to find the defendant was being held on both the Suffolk and Middlesex charges for the 532 days between the date of the Middlesex bail increase (May 5, 1999) and the date of the Middlesex jury verdict (October 18, 2000), the defendant would not be entitled to credit for the thirteen days from the date of his arrest and detention in Suffolk County (April 22, 1999) to (and not including) the date of the Middlesex bail increase, because the defendant was held solely on the unrelated Suffolk County charges.

*Credit for 532 days.* The Commonwealth relies upon the records of both the Suffolk County and the Middlesex County sheriffs, which seem to regard the defendant as a Suffolk prisoner and not a Middlesex prisoner. Relying on such cases as *Libby* v. *Commissioner of Correction, supra*; *Commonwealth* v. *Carter, supra*; and *Commonwealth* v. *Blaikie*, 21 Mass. App. Ct. 956 (1986), the Commonwealth argues that the defendant is not entitled to time he spent in custody awaiting trial in unrelated matters.

There are two unstated premises to the Commonwealth's argument. The first is that the sheriffs' records establish conclusively that the defendant was being held pursuant to the Suffolk charges and not the Middlesex charges. The second is that the defendant's custody could be based only on one set of charges, not both. Neither premise is correct.

The docket entries of the Superior Court in both Middlesex and Suffolk counties[7] show that, by directing the issuance of a mittimus, each court directed that the defendant be held until such time as he posted bail in the amount specified.[8] Thus he

---

[7]There is no significance to the fact that different counties were involved. The point is that the defendant was being held in separate unrelated cases.

[8]In the context of this case, a mittimus (from the Latin "we send") is "a warrant, executed on behalf of the court by a clerk, addressed to the sheriff who ha[s] custody of the accused . . . , that directs where the prisoner shall be taken for incarceration, states what the sentence is, and states how many

was held in custody upon the orders of the Superior Court in both Suffolk and Middlesex counties while awaiting trial on the matters in each county. If he had made bail in the cases in one county, he would have been held on the cases in the other county unless and until he made bail on those cases. It was a mere fortuity, based on the fact that the Suffolk County sheriff's department had the defendant in custody in the Suffolk cases when the bail was raised in the Middlesex cases, that he was held by the Suffolk County sheriff's department during the time he was awaiting trial in matters in both counties. Furthermore it is the records of the courts that establish the authority by which the defendant was held. The sheriffs' records cannot resolve the question of how much credit the defendant is entitled to where the courts' records show that the defendant was being held in cases in both counties.

As stated in *Commonwealth* v. *Carter*, 10 Mass. App. Ct at 620, a defendant is generally entitled to all of the time he spent in custody awaiting trial, but not more than that. Once it is understood that the defendant was being held for trial on cases from both counties, it is incumbent on the sentencing judge to ensure that the defendant receives credit for that time against the higher sentence.

*Credit for thirteen days.* The defendant is not entitled to credit on the Middlesex sentences for the thirteen days from the date of arrest on the Suffolk charges to the date of the Middlesex bail increase. During this time, the defendant was held solely on the unrelated Suffolk charges and the defendant remained free on the bail he posted for the Middlesex charges. See *Commonwealth* v. *Aquafresca*, 11 Mass. App. Ct. 975, 976-977 (1981); *Commonwealth* v. *Boland*, 43 Mass. App. Ct. 451, 455 (1997). See also *Commonwealth* v. *Blaikie*, *supra* at 957 ("crediting the defendant on his Suffolk sentences with the Middlesex presentencing confinement would result in a perverse twist").[9]

The order denying the defendant's motion to correct the mit-

---

days of the sentence the prisoner is deemed to have served." *Commonwealth* v. *Barriere*, 46 Mass. App. Ct. 286, 289 (1999). See G. L. c. 279, § 34. See also Black's Law Dictionary 1024 (8th ed. 2004); First Session Practice, District Court Judicial Forum 2000 § 3, at 45-46 (Mass. Continuing Legal Educ. 2000) (describing commonly used mittimus forms in criminal cases).

[9]Although the Suffolk cases are not before us, we note that the defendant is, however, entitled to thirteen days of credit on the Suffolk sentences. This will

timus is reversed, and the matter is remanded to the Superior Court for the entry of an order correcting the defendant's mittimus to reflect an additional 532 days of credit for the time the defendant was held awaiting trial and during trial in this matter.

*So ordered.*

---

have, in the present circumstances, no practical benefit to him since the shorter Suffolk sentence runs concurrently with the Middlesex sentences. Our reasoning in *Commonwealth* v. *Blaikie, supra* at 957, is directly on point: "We said in *Commonwealth* v. *Carter,* 10 Mass. App. Ct. at 621, that 'Any sentence being served concurrently with a sentence to which a jail credit is applied should receive the benefit of the same credit so that the sentence in fact retains a concurrent status.' That does not apply, however, in a case such as this one, in which the sentences against which the prisoner seeks to apply jail credit [the Middlesex sentences] are longer than the sentences with which they are to be served concurrently [the Suffolk sentences]."

Although the defendant does not receive any apparent benefit, this is not a situation where the thirteen days can be considered "dead time." *Commonwealth* v. *Milton,* 427 Mass. 18, 24 (1998). If, for example, the longer Middlesex sentences had been reversed or vacated, then the remaining Suffolk sentences with the thirteen days credit would be beneficial. The thirteen days is thus not dead time, but it is also not time that he can bank and apply toward the unrelated Middlesex charges. See *ibid.*; *Gardner* v. *Commissioner of Correction,* 56 Mass. App. Ct. 31; 37-38 (2002).