Fabricant, Judith, J.
INTRODUCTION
The defendant, having been sentenced to nine to ten years in state prison, moves to correct the mittimus to provide for additional credit for pre-trial detention. The Commonwealth opposes his motion in part, but agrees that he is entitled to an increase in credit to reflect certain credited awarded him by the Quincy District Court on a separate sentence, but not actually applied to that sentence. After hearing, and review of all materials submitted and authorities cited, the Court concludes that the Commonwealth’s position is correct.
*17 BACKGROUND
The following background facts appear to be undisputed. On July 6, 2001, the defendant was arraigned in the District Court on the charges underlying this case. Bail was set, which he did not make. On the same date, the Quincy District Court ordered the defendant held pending probation surrender on an unrelated matter, for which he had previously received a one-year suspended sentence. On August 16, 2001, the defendant was arraigned in this Court on this case. He again did not make bail, and continued to be held both on this case and on the Quincy District Court probation surrender. On December 11, 2001, the Quincy District Court revoked the defendant’s probation and committed him for one year, giving him credit for the period of 159 days since July 6, 2001. The defendant completed his District Court sentence on July 4, 2002. From that date, the defendant remained in custody pending trial in this case. On August 26, 2002, the Quincy District Court granted the defendant an additional 57 days credit toward its sentence, for time spent in custody prior to his conviction and initial sentencing on December 21, 1999. Thus, according to the ruling of the Quincy District Court, his change in status from a sentenced inmate to a pre-trial detainee should have occurred on May 8, 2002.
The trial of this case began in January of 2005, and ended with conviction on February 3, 2005, and imposition of sentence on February 8, 2005. At the time of sentencing, the defendant received credit for 952 days of pre-trial detention, apparently based on the time spent in custody after completion of his District Court sentence on July 4, 2002, but not including the 159 days between July 6, 2001, and December 11, 2001, for which the District Court had already given him credit on its unrelated sentence, and also not including the 57 additional days the District Court had granted on August 26,2002. A docket entry dated March 30, 2005, indicates that on that date the defendant was granted additional credit for 41 days, for a total of 993 days.[1]
On August 11, 2005, the defendant, acting pro se, filed a motion to correct the mittimus, seeking additional credit; the Court denied that motion on August 23, 2005, noting that “[i]t appears that the defendant is seeking credit for a one year period when he was serving a sentence imposed in another case, while he awaited trial in this case. He is not entitled to credit for that period.” The defendant moved for reconsideration, which the Court denied on September 14, 2005. The present motion, filed by appellate counsel on September 8, 2006, and heard on April 23, 2007, essentially renews the same request.[2]
DISCUSSION
The question in dispute between the parties is whether the defendant is entitled to receive credit toward his sentence in this case for the 159 days for which he was held both on this case and on the unrelated Quincy District Court probation surrender, for which the Quincy District Court has already given him credit toward its sentence.[3] The Court concludes that he is not.
Credit for pretrial detention is governed by G.L.c. 279, §33A, which directs the Court “on imposing a sentence of commitment” to “order that the prisoner be deemed to have served a portion of said sentence, such portion to be the number of days spent by the prisoner in confinement prior to such sentence awaiting and during trial.” The statute by its terms offers little guidance on circumstances in which a defendant has been held on multiple, unrelated cases, and seeks credit toward multiple sentences. A series of appellate decisions assists.
In Commonwealth v. Carter, 10 Mass.App.Ct. 618, 619-21 (1980), a defendant who received two consecutive sentences for offenses arising from a single episode sought credit for pre-trial detention on each sentence, such that he would effectively receive credit for the same time twice. The Appeals Court rejected his claim, observing:
[A] prisoner is to receive credit for all jail time — neither more nor less — served before sentencing which relates to the criminal episode for which the prisoner is sentenced, but does not receive credit greater than the number of days of his presentenc-ing confinement. Had the defendant been able to make bail, he would have been obliged to serve the full consecutive sentences. Were the defendant to get double credit for presentencing confinement, he would serve 398 fewer days in prison than if he had made bail. A statute designed to neutralize the consequences of inability to make bail should not be construed to lead to such a bizarre result.
Id. at 620-21.
Commonwealth v. Murphy, 63 Mass.App.Ct. 753, 756-57 (2005), presented a different factual scenario, leading to a different result, but applied the same basic principle of fairness. There the defendant received concurrent sentences in two counties, after having been held before trial on both cases. The Court that imposed the longer of the two sentences refused his request to credit him with the overlapping time. The Appeals Court reversed, holding that “once it is understood that the defendant was being held for trial on cases from both counties, it is incumbent on the sentencing judge to ensure that the defendant receives credit for that time against the higher sentence.” Id. at 757.
Commonwealth v. Harvey, 66 Mass.App.Ct. 297, 299-302 (2006), presented yet another factual twist, and provided a comprehensive overview of the applicable principles. There the defendant was held for overlapping but not entirely coextensive periods of time on charges in separate courts arising from separate offenses, before being tried and convicted on both. At his first sentencing, the Court granted him credit *18 for all time he had been held up to that date, including time he had been held only on the other case. The second Court imposed a shorter but consecutive sentence, and refused his request for credit for the time he had been held pre-trial. The net result was that the defendant received credit toward his total aggregate sentence for all time spent in pre-trial detention once, but only once. That result, the Appeals Court held, was correct, in that it placed the defendant in the same position he would have been in if he had been released on bail:
Fairness suggests that the jail credit the defendant seeks might be awarded if the sentences imposed on the two sets of charges were concurrent. They were not, and therefore, it would be contrary here to the ultimate goal of fairness to allow the defendant to earn two days of credit for every day in jail. Because the defendant had already received credit for the time he spent in jail awaiting trial, the judge did not err in denying the defendant’s request to receive credit for the same period of time on the second set of charges and thus to effectively reduce his sentence.
Id. at 301.
The theme that emerges from these cases is one of fairness. A defendant who is held pre-trial for failure to post bail should ultimately serve the same amount of time as he would if he had made bail, no more and no less. Where a defendant receives concurrent sentences, as occurred in Murphy, supra, the way to accomplish that result is to apply credit to the longer sentence, which determines how long the defendant serves. Where a defendant receives consecutive sentences, as in Carter and Harvey, supra, credit toward either sentence will shorten the overall total; the defendant is thus entitled to credit on one or the other, but not both.
Here, the defendant received a sentence from the Quincy District Court with full credit for the time he had been detained to that date on this case as well as on the probation surrender in that case. Since he had completed that sentence long before the trial of this case, this Court had no occasion to designate its sentence as either concurrent with or consecutive to that one. Effectively, however, it was consecutive, in that the defendant was required to and did complete that sentence before beginning this one. He received credit toward that sentence for all the time he spent awaiting both trial on this case and final probation surrender on that one, thereby shortening the period of time he had left to serve after the imposition of the sentence in that case. That effectively advanced the date from which he received credit toward this sentence after completion of that one. The net result is that, aside from the 57 days belated awarded by the District Court, no further credit is required to put him in the same position he would have been in if he had posted bail, and the grant of any additional credit would put him in a better position. The defendant is entitled to a total of 1007 days credit, and no more.
CONCLUSION AND ORDER
The defendant’s Motion to Correct the Mittimus is ALLOWED in part and DENIED in part. The Mittimus shall be corrected to reflect that the defendant is granted credit for a total of 1007 days of pretrial detention.

The docket does not reflect any motion or judicial order underlying that entry, although the file contains a pro se Motion to Correct Mittimus dated March 14, 2005, along with copies of District Court records, and correspondence from the Clerk of this Court to the Department of Correction. It appears that the Clerk acted on the defendant’s pro se motion, based on the 41 days between the defendant’s arraignment in the District Court on July 6, 2001, and his arraignment in this Court on August 16, 2001.

For reasons not apparent, the motion was not brought to the attention of the Court until February 16, 2007, when the Court ordered that the Commonwealth respond within thirty days.

The Commonwealth agrees that this Court should credit toward its sentence the 57 days that the Quincy District Court granted him on its sentence after he had already completed that sentence. The effect of granting such credit is to treat the defendant as if he had completed that sentence on May 8, 2002, and had then become a pre-trial detainee on this case. That treatment is in accord with what the Quincy District Court has ruled should have happened with respect to its sentence.