NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11676

COMMONWEALTH  vs.  JOSEPH S. RIDGE.


March 2, 2015.


Practice, Criminal, Sentence.


     In 2007, Joseph S. Ridge pleaded guilty to certain offenses
in the Superior Court in Norfolk County and was sentenced to
approximately four years in the State prison.  At that time, he
received credit for time he spent in custody awaiting trial both
on that charge and on other charges then pending against him in
Plymouth County.  In 2008, Ridge pleaded guilty to a charge of
unarmed robbery in the Superior Court in Plymouth County.
Pursuant to an agreed-upon recommendation that was adopted by
the sentencing judge, he was sentenced to a term of from
fourteen to fifteen years in the State prison, concurrent with
the sentence in the Norfolk County case, which he was then
serving.  At that time, Ridge neither requested nor received
credit for his pretrial detention.  In 2013, Ridge moved pro se
to correct the mittimus as to the Plymouth County case,
requesting credit for time he was detained awaiting trial.  A
judge of the Superior Court denied the motion, as well as a
substitute motion filed subsequently by appointed counsel, on
the ground that the time in question had already been credited
against Ridge's sentence in the Norfolk County case, that Ridge
had benefited from the concurrent sentences, and that
fundamental fairness did not compel a different result.  We
allowed Ridge's application for direct appellate review and
affirm the motion judge's orders.

     "Pursuant to G. L. c. 279, § 33A, '[c]riminal defendants
have a right to have their sentences reduced by the amount of
time they spend in custody awaiting trial, unless in imposing
the sentence, the judge has already deducted such time or taken

it into consideration in determining the sentence.'" Williams v. Superintendent, Massachusetts Treatment Ctr., 463 Mass. 627, 630-631 (2012), quoting Commonwealth v. Milton, 427 Mass. 18, 23-24 (1998).  Fairness is the basic touchstone, and is the appropriate measure in determining whether and to what extent credit for time spent in custody shall be given.  Chalifoux v. Commissioner of Correction, 375 Mass. 424, 427 (1978).  While Ridge acknowledges, as he must, that the time he spent in pretrial custody was credited to his Norfolk County sentence, he argues that this credit was illusory, as he was subsequently sentenced to a longer concurrent term in the Plymouth County case.  In other words, he will not be released any earlier as a result of this credit.  He therefore argues that fairness requires that the credit be applied to the Plymouth County sentence.  We disagree.  Where, as here, the time previously credited to the defendant is "wholly inclusive of the period the defendant claims as credit on" a later-imposed sentence, "there is no special consideration of fairness that supports the credit that the defendant seeks."  Commonwealth v. Barton, 74 Mass. App. Ct. 912, 915 (2009).  See also Commonwealth v. Blaikie, 21 Mass. App. Ct. 956, 957 (1986) (sentencing judge in Suffolk County properly refused to give credit for time previously credited against sentences imposed in Middlesex County).  To be sure, had the defendant requested credit for his pretrial detention at the time of the Plymouth County sentencing, the sentencing judge plainly would have had the power to accede to or to deny the request.  As noted earlier, no such request was made.  Moreover, Ridge agreed to the Plymouth County sentence and, without explaining the delay, did not seek any credit against it for nearly five years.  In these circumstances, the motion judge was not obligated to grant his request.  Ridge received what he bargained for, and fundamental fairness does not require more.

The orders denying the defendant's motions to correct the mittimus are affirmed.

So ordered.

Katherine C. Riley for the defendant.
Laurie Yeshulas, Assistant District Attorney, for the Commonwealth.